[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 15, 2006
THOMAS K. KAHN
CLERK

-------------------------------------------
No. 05-15461
Non-Argument Calendar
-------------------------------------------

D.C. Docket  No. 05-00093-CV-5-RV-MD

CINCINNATI INSURANCE COMPANY,

Plaintiff,

R. HAROLD DEESE,

Interested Party-Appellee,

versus

MATTHEW LEATH COCHRAN,
FOREIGN AUTO PARTS OF MOBILE INC.,
PROFESSIONAL ENGINE SERVICE OF MOBILE,

Defendants-Appellants,

STEPHEN M. TUNSTALL,

Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
----------------------------------------------------------------

**(August 15, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Appellant Matthew Leath Cochran, defendant in a declaratory judgment action brought by Cincinnati Insurance Co. in the United States District Court for the Southern District of Alabama (the "Cincinnati Insurance action"),[1] appeals a discovery order and award of sanctions of the United States District Court for the Northern District of Florida, in favor of Appellee Fire Engineering Consultants, Inc./ Harold Deese,[2] a non-party witness in the Cincinnati Insurance action. No reversible error has been shown; we affirm.

As part of discovery in the Cincinnati Insurance action, on 21 September 2004, Appellant issued a subpoena duces tecum in the name of the United States District Court for the Northern District of Florida to Appellee, who is located in Panama City, Florida (more than 100 miles from the Southern District of Alabama). When no discovery was forthcoming from Appellee, on 20 October

---

[1] Also named as defendants in the Cincinnati Insurance action were two businesses of Appellant Cochran, Foreign Auto Parts of Mobile, Inc., and Professional Engine Service of Mobile.

[2] The discovery motion in the Northern District of Florida was brought naming "Fire Engineering Consultants, Inc./Harold Deese." As the magistrate judge observed, the record is much confused about who, if anyone, was served. Complicating the matter further, it seems that only Deese appeared in opposition to the motion to compel.

2004, Appellant made a motion to compel in the district court in Florida. Appellee responded to this motion with a motion to quash and for sanctions.

A hearing was held on the motion to compel and the motion to quash and for sanctions before a magistrate judge on 8 December 2004. Much of that hearing focused on infirmities in the subpoena duces tecum, the timeliness of the motion to compel, and the timeliness of the motion to quash and for sanctions. The magistrate judge determined that (i) the subpoena -- if it was served -- failed to comply with Fed.R.Civ.P. 45, was invalid and unenforceable; (ii) no reasonable steps were taken to avoid placing an undue burden on a non-party; (iii) the motion to compel was untimely; and (iv) the motion for protective order was due to be granted. In awarding sanctions, the magistrate judge noted -- in addition to the invalidity of the subpoena and the failure to take reasonable steps to avoid placing an undue burden on Appellee -- that Appellant's counsel had failed to cooperate and otherwise failed to act professionally. Sanctions were awarded after receipt of Appellee's statement of expenses incurred responding to the invalid subpoena and motion to compel; Appellant filed no response in opposition to the requested expenses. Appellant appealed the protective order and the sanctions imposed to a district judge.

The district court also determined that the subpoena duces tecum was due to be quashed and Appellant's motion to compel -- which the court also considered untimely filed -- denied because the subpoena failed to comply in many respects with the requirements of Rule 45.[3]  Appellant argued before the district court and again argues on appeal that the subpoena was issued in good faith; Appellant does not -- and can not reasonably -- argue that the subpoena satisfied applicable procedural requirements.

The district court also affirmed the imposition of sanctions.  Appellant challenged the sanctions by (i) arguing that no sufficient notice and opportunity to be heard preceded the sanction judgment, and (ii) taking issue with the facts upon which the magistrate relied.  Appellant repeats those challenges in this appeal.

About Appellant's contention that insufficient notice and opportunity to be heard preceded the imposition of sanctions, we note, as did the district court, that Appellant was given notice that the hearing before the magistrate was to address Appellant's motion to compel and to address Appellee's motion for protective order and sanctions.  Appellant was afforded adequate notice; he could have

---

[3]Both the magistrate judge and the district judge noted that procedural defects in a subpoena usually may be cured by amendment and reservice.  Because the period for discovery had expired in the Cincinnati Insurance action, the Appellant would need to seek an extension of discovery in the Southern District of Alabama before seeking to amend the subpoena.

addressed the motion for sanctions by filing a memorandum in opposition -- as required by Local Rule 7.1 -- and by arguing against the motion at the hearing. Appellant chose neither course.[4]  Appellant was afforded sufficient opportunity to be heard.

In the district court, Appellant sought to introduce affidavits and orders entered in the Cincinnatti Insurance action in an effort to show that the magistrate judge erred in concluding that Appellant had acted unprofessionally.  Appellant contended that these belatedly proffered materials showed that the magistrate judge relied on misstatements of fact and purposeful distortions made by Appellee's counsel at the hearing.   The district court refused to consider this new evidence; the materials proffered were not earlier unavailable to Appellant but were not presented to the magistrate judge.  Nonetheless, the district court determined that even if the magistrate's finding of unprofessionalism was disregarded, the magistrate's imposition of sanctions was due to be affirmed based on the magistrate's findings that the subpoena was invalid and overly broad.

---

[4]Appellant's brief concedes that he decided to focus on his motion to compel and to ignore his adversary's attacks.  Although Appellant does contend that he was twice interrupted when he attempted to respond to assertions made by Appellee, the record discloses that Appellant had ample opportunity to contest the imposition of sanctions.

Again on appeal Appellant seeks to argue the factual determinations underlying the magistrate's decision that counsel acted unprofessionally; and again, he relies on evidence that was not before the magistrate judge and that the district court refused expressly to consider. But Appellant takes no issue with the factual findings that the subpoena duces tecum issued to Appellee was invalid and that the subpoena, as originally issued, was overly broad and imposed an undue burden on a non-party. Based on these findings -- which are supported by the record -- we can not say that the district court abused its discretion when it determined that the imposition of monetary sanctions was neither clearly erroneous nor contrary to law.

AFFIRMED.